64 F.3d 656
 Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Edward R. BUTLER, Debtor.
Terry L. MUSIKA, Trustee, Plaintiff-Appellee,
v.
James C. ADKINS, Defendant-Appellant,
and
Edward R. Butler, Defendant.
In Re: Edward R. BUTLER, Debtor.
Terry L. MUSIKA, Trustee, Plaintiff-Appellee,
v.
James C. ADKINS, Defendant-Appellant,
and
Edward R. Butler, Defendant.
 Nos. 95-1354, 95-1906.
 United States Court of Appeals, Fourth Circuit.
 Argued July 10, 1995.
Decided Aug. 15, 1995.
 
 ARGUED: Paul Howard Zukerberg, Washington, DC, for Appellant. Kenneth Oestreicher, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, MD, for Appellee. ON BRIEF: Paul M. Nussbaum, John F. Carlton, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Adkins was subjected by the bankruptcy court to a turnover order of $350,000.00. Because Adkins refused to comply with the order, he was held in civil contempt of court. His withdrawal of his appeal to the Fourth Circuit from that order made it final. He thereupon, at the request of the bankruptcy trustee, was ordered confined in house arrest until the amount of $330,316.89[1] was paid or a satis factory reason for his not doing so was established. The district court, like the bankruptcy court, rejected Adkins' contention that he should be required to pay only a lesser sum than the amount ordered[2] to gain release from house arrest. The district court rejected Adkins' suggestion of a lower amount because Adkins refused to testify or produce any evidence which would establish the correctness of his contention that he owed only the lesser sum. On the contrary, evidence was submitted which established that Adkins possesses sufficient resources to satisfy the full $330,316.89.
 
 
 2
 The district court order of house arrest pending compliance with the turnover order does not appear to us to be an abuse of discretion. See United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947) (holding that district courts have discretion in fashioning appropriate coercive remedies in cases of civil contempt). The turnover order and contempt order had, because of Adkins' withdrawal of his appeal, previously established the propriety of the imposition of sanctions. The home detention order of the district court, which is the only matter on appeal before us, merely provides that the contempt sanctions could be cured by satisfaction of the turnover order or provision of a satisfactory justification for not, in whole or in part, doing so. Such an order is well within the discretionary contempt power of the district court.
 
 AFFIRMED
 
 
 [1]
 A credit of $20,000.00 was allowed and interest of $316.89 had accrued
 
 
 [2]
 Adkins has contended that he should pay only $100,000.00